# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

MICHAEL MILLER,                      )
                                     )
    Plaintiff,               )
                                     )
v.                                   )      No. 3:25-CV-05022-DGK-SSA
                                     )
FRANK BISIGNANO,                     )
Commissioner of Social Security,     )
                                     )
    Defendant.               )

## <u>ORDER AFFIRMING THE COMMISSIONER'S DECISION</u>

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Michael Miller's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had many severe impairments, including coronary artery disease/coronary atherosclerosis status-post stent placement, degenerative disc of the lumbar spine, and chronic constipation, but he retained the residual functional capacity ("RFC") to perform light work with restrictions, including jobs as a router, cashier, and rental clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed an application for disability insurance benefits and an application for SSI on August 12, 2022, with both applications alleging a disability onset date of March 15, 2015. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on March 11, 2024, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 21, 2025, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred in three ways. Plaintiff contends he erred at Step Three by using improper legal standards to evaluate whether his chronic constipation met any of the appropriate listings. And he erred at Step Four in two ways: first, by failing to articulate specific medical findings that led him to find prior administrative findings partially persuasive; second, by failing to incorporate all of Plaintiff's physical limitations into the RFC, specifically a limitation accounting for the additional time Plaintiff needs to deal with an ileostomy bag during a workday.

All three arguments are unavailing.

Plaintiff's Step Three claim—that the ALJ did not consider whether his impairments equaled the severity of listings 5.06 or 5.07—fails because both Eighth Circuit case law and SSA regulations make clear that at Step Three the burden is on a claimant to establish that an impairment or combination of impairments meets or medically equals the severity of one of the listed impairments. *Cf. Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004); 20 C.F.R. §§

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

404.1520(d), 416.920(d).  And in this case, Plaintiff has failed to point to evidence meeting this threshold.

Further, agency policy does not require an administrative law judge to explain why a listing is not equaled.  The Commissioner's published policy in effect at the time of the ALJ's decision states that administrative law judges are "not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding."  SSR 17-2p, 2017 WL 3928306, at *4.  Here, the ALJ's opinion includes a finding that the evidence "does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment and no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairment(s) medically equal a listed impairment."  R. at 17.  This is sufficient.

Because Plaintiff has not sustained his burden that he was presumptively disabled during the relevant time, nor has he shown the ALJ erred, Plaintiff's Step Three argument fails.

Plaintiff's Step Four arguments are no better.  Plaintiff first contends the ALJ erred by failing to provide a sufficient supportability and consistency analysis concerning the persuasiveness of the state agency's medical opinions.  Plaintiff contends the ALJ erred by not identifying specific medical evidence and discussing the consistency of that evidence, reasoning the problem is that without this explanation "a reviewing court cannot adequately understand the ALJ's reasoning."  Pl.'s Br. at 12, ECF No. 12.

The ALJ found the prior administrative findings (that is, the state agency's findings) that Plaintiff could perform work at a light exertional level with postural and environmental limitations generally consistent with the evidence in the record and so partially persuasive.  The ALJ found

4

the prior administrative finding that there was insufficient evidence of severe impairments before September 30, 2020, was not supported by the record and so not persuasive. (This latter finding benefitted Plaintiff because it meant he was within the timeframe to be eligible for disability insurance benefits.)

In so holding, the ALJ opined whether the administrative findings were, in fact, supported by the evidence in the record, "including the physical examination findings and findings on objective testing (Exhibits 3A; 7A)." Although the ALJ did not cite individual medical records, he discussed other evidence in the record summarizing such records, an opinion-writing technique which made clear that the ALJ knew of the individual records, considered them, and explained his reasoning weighing the evidence. This is sufficient. *See Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025) (suggesting under the revised regulations the ALJ's analysis of supportability and consistency is sufficient if the reasoning is clear enough to allow appropriate judicial review). As for consistency, the ALJ concluded the prior administrative findings concerning the work Plaintiff could perform were "generally consistent with the evidence that documents ongoing reporting of symptoms despite treatment but generally stable physical examination findings and findings on objective testing." R. at 21. In the context of the ALJ's entire opinion and the entire record in this case, this sufficiently explained the ALJ's reasoning concerning consistency. *See id.*

Plaintiff's other Step Four argument is that the ALJ erred by failing to incorporate all relevant limitations into the RFC because he did not include a limitation allowing for the additional time Plaintiff allegedly needs to deal with an ileostomy bag during the workday.

This argument turns on whether the ALJ erred in determining Plaintiff did not need a limitation accounting for additional time. An ALJ is not required to include a limitation in the RFC where, as here, that limitation is based solely on a plaintiff's testimony which is inconsistent with other substantial evidence in the record. *Nash v. Comm'r SSA*, 907 F.3d 1086, 1090 (8th Cir.

2018).  The ALJ was plainly aware of Plaintiff's allegations, writing "The claimant also alleges being limited by gastrointestinal difficulty, including chronic constipation and frequent diarrhea, with the claimant having to use the restroom up to eleven times per day and that he has an ileostomy bag." R. at 18–19.  He just did not find these allegations completely credible.  R at 19, 21.  The Court cannot say the ALJ's decision on this point is wrong as a matter of law because Plaintiff's testimony on this point is inconsistent with other substantial evidence.  As the ALJ noted, following his colectomy, Plaintiff did not report complaints consistent with his testimony, nor does the record document significant or ongoing post-surgical follow-up care reflecting such complaints.  R. at 20–21.  For example, the records show Plaintiff requesting Imodium refills without needing to be seen.  R at 901, 909.  Thus, the ALJ did not err in declining to include a limitation in the RFC for additional bathroom breaks.

Because the ALJ did not err in determining Plaintiff's RFC, the ALJ did not err in relying on the vocational expert testimony utilizing the RFC.

### Conclusion

Since the ALJ's decision did not fall outside the available zone of choice, the Commissioner's decision is AFFIRMED.  *Buckner*, 646 F.3d at 556.

**IT IS SO ORDERED.**

Date:   July 27, 2026          /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT